# EXHIBIT A

# SUMMONS - CIVIL

JD-CV-1 Rev. 4-16
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a,
52-48, 52-259, P.B. §§ 3-1 through 3-21, 8-1, 10-13

**STATE OF CONNECTICUT**
**SUPERIOR COURT**
www.jud.ct.gov

RECEIVED
OLD SAYBROOK, CT
MAY -1 2019
11:00
SARAH V. BECKER

See other side for instructions

☐ "X" if amount, legal interest or property in demand, not including interest and costs is less than $2,500.
☒ "X" if amount, legal interest or property in demand, not including interest and costs is $2,500 or more.
☐ "X" if claiming other relief in addition to or in lieu of money or damages.

TO: Any proper officer; BY AUTHORITY OF THE STATE OF CONNECTICUT, you are hereby commanded to make due and legal service of this Summons and attached Complaint.

| Address of court clerk where writ and other papers shall be filed (Number, street, town and zip code) (C.G.S. §§ 51-346, 51-350) | Telephone number of clerk (with area code) | Return Date (Must be a Tuesday) |
|---|---|---|
| 1 Court Street Middletown, CT 06457 | ( 860 ) 343-6400 | June 4, 2019 |

| ☒ Judicial District  ☐ Housing Session | ☐ G.A. Number: | At (Town in which writ is returnable) (C.G.S. §§ 51-346, 51-349) Middletown | Case type code (See list on page 2) Major: M  Minor: 90 |
|---|---|---|---|

**For the Plaintiff(s) please enter the appearance of:**

| Name and address of attorney, law firm or plaintiff if self-represented (Number, street, town and zip code) | Juris number (to be entered by attorney only) |
|---|---|
| The Law Office of Joseph R. Sastre, Esq. | 429450 |

| Telephone number (with area code) | Signature of Plaintiff (If self-represented) |
|---|---|
| ( 203 ) 530-8367 | |

The attorney or law firm appearing for the plaintiff, or the plaintiff if self-represented, agrees to accept papers (service) electronically in this case under Section 10-13 of the Connecticut Practice Book.   ☒ Yes  ☐ No

Email address for delivery of papers under Section 10-13 (if agreed to): joseph.sastre@gmail.com

Number of Plaintiffs: 1  |  Number of Defendants: 1  |  ☐ Form JD-CV-2 attached for additional parties

| Parties | Name (Last, First, Middle Initial) and Address of Each party (Number; Street; P.O. Box; Town; State; Zip; Country, if not USA) | |
|---|---|---|
| First Plaintiff | Name: Selma Dautefendic  Address: 381 Forsyth Drive Salem, CT 06420 | P-01 |
| Additional Plaintiff | Name:  Address: | P-02 |
| First Defendant | Name: Town of Old Saybrook  Address: c/o Town Clerk 302 Main Street Old Saybrook, CT 06475 | D-01 |
| Additional Defendant | Name:  Address: | D-02 |
| Additional Defendant | Name:  Address: | D-03 |
| Additional Defendant | Name:  Address: | D-04 |

## Notice to Each Defendant

1. **YOU ARE BEING SUED.** This paper is a Summons in a lawsuit. The complaint attached to these papers states the claims that each plaintiff is making against you in this lawsuit.
2. To be notified of further proceedings, you or your attorney must file a form called an "Appearance" with the clerk of the above-named Court at the above Court address on or before the second day after the above Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to come to court.
3. If you or your attorney do not file a written "Appearance" form on time, a judgment may be entered against you by default. The "Appearance" form may be obtained at the Court address above or at www.jud.ct.gov under "Court Forms."
4. If you believe that you have insurance that may cover the claim that is being made against you in this lawsuit, you should immediately contact your insurance representative. Other action you may have to take is described in the Connecticut Practice Book which may be found in a superior court law library or on-line at www.jud.ct.gov under "Court Rules."
5. If you have questions about the Summons and Complaint, you should talk to an attorney quickly. **The Clerk of Court is not allowed to give advice on legal questions.**

| Signed (Sign and "X" proper box) | ☒ Commissioner of the Superior Court  ☐ Assistant Clerk | Name of Person Signing at Left Joseph R. Sastre, Esq. | Date signed 04/29/2019 |
|---|---|---|---|

If this Summons is signed by a Clerk:
a. The signing has been done so that the Plaintiff(s) will not be denied access to the courts.
b. It is the responsibility of the Plaintiff(s) to see that service is made in the manner provided by law.
c. The Clerk is not permitted to give any legal advice in connection with any lawsuit.
d. The Clerk signing this Summons at the request of the Plaintiff(s) is not responsible in any way for any errors or omissions in the Summons, any allegations contained in the Complaint, or the service of the Summons or Complaint.

For Court Use Only
File Date

| I certify I have read and understand the above: | Signed (Self-Represented Plaintiff) | Date | Docket Number |
|---|---|---|---|

(Page 1 of 2)

| | | |
|---|---|---|
| RETURN DATE: June 4, 2019 | : | SUPERIOR COURT |
| SELMA DAUTEFENDIC | : | JD OF MIDDLESEX |
| V. | : | AT MIDDLETOWN |
| TOWN OF OLD SAYBROOK | : | APRIL 29, 2019 |

## COMPLAINT OF DISCRIMINATORY PRACTICES IN WORKPLACE UPON RELEASE OF JURISDICTION FROM THE CONNECTICUT COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES

1. This Complaint arises out of employment discrimination and hostile working environment based upon race, ethnicity and or religious creed and the fact that she was pregnant; the Plaintiff alleges discriminatory treatment and conduct on the behalf of the Town of Old Saybrook, specifically through its first selectman, Carl Fortuna and members of the Town of Old Saybrook Library Board of Trustees.

2. The Plaintiff, Selma Dautefendic, who was at all times relevant to this Complaint a resident of Salem, Connecticut invokes the jurisdiction of this court pursuant to the Release of Jurisdiction issued to her dated March 11, 2019, Conn Gen. Stat. §46a-100, et seq., Conn Gen. Stat. §46a-60, et seq., Title VII of the Civil Rights Act of 1964, as amended, 42. U.S.C. 2000e and the Civil Rights Act of 1991, the Americans With Disabilities Act, 42 U.S.C 12101 et seq., Connecticut's Fair Employment Practices Act ("CEFPA" Conn Gen. Stat. §46a-51, et seq.specifically regarding Plaintiff's claims of discrimination related to her pregnancy) and Conn Gen. Stat. §46a-58, et seq.

## PARTIES

3. The Plaintiff, Selma Dautefendic, is a United States Citizen who was at all times relevant to this Complaint a resident of Salem, Connecticut.

4. The Defendant, Town of Old Saybrook, (hereinafter "Town) is a municipal corporation formed under the laws of the State of Connecticut and is a Defendant within the meaning of the aforementioned statutes.

5. The State of Connecticut Commission On Human Rights And Opportunities is expected to intervene as a co-plaintiff in this matter pursuant to that agency's right to intervene in the matter.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

6. On or about July 2, 2018, Plaintiff filed charges of discrimination and hostile work environment with the Connecticut Commission on Human Rights And Opportunities (hereinafter "CHRO") based upon race and/or ethnic/religious discrimination and hostile work environment.
7. On September 5, 2018 the Plaintiff amended those charges under the same CHRO file number and heading.
8. On March 11, 2019 the CHRO issued a Release of Jurisdiction to the Plaintiff for all of the Plaintiff's charges, and the Plaintiff hereby incorporates all its charges made under CHRO file number 1940021 into this Complaint.
9. This Complaint is within 90 days of that Release of Jurisdiction.

## FACTS

10. Plaintiff is an unmarried woman of Bosnian heritage.
11. She is also Muslim.
12. The Plaintiff speaks with a pronounced eastern European accent and is open about her Bosnian heritage.
13. The Plaintiff is culturally Muslim but does not wear any clothing unique or particular to that faith nor does she perform any prayer or religious ritual while outside her home which might signal her faith to others.
14. Plaintiff was hired as a library director at Acton Public Library on or about February 2, 2018.
15. On July 8, 2018 the Plaintiff was terminated, at that time she was approximately twenty-two weeks pregnant.
16. The library is governed by the Board of Trustees and the Town's First Selectman, Carl Fortuna.
17. Soon after being hired the fact that the Plaintiff is Bosnian became known to the employees at the library.
18. Soon thereafter, that the Plaintiff is Muslim also became known to the employees at the library.
19. Soon *there*after, the Plaintiff's work environment became hostile with some employees who were supposed to be under her management becoming insubordinate and making baseless complaints against the Plaintiff.

20. Some of these Complaints were made directly to the Town's First Selectman, while others were made to the library Board of Trustees.
21. The Plaintiff received virtually no support from the Town's First Selectman or the library Board of Trustees, even when the Plaintiff tried to explain that at least some of the complaints were merely the predictable result of her having enforced rules that prexisted her being hired, but which had not been enforced after the library's former director passed away some years before.
22. The Plaintiff tried to explain that the library employees had become accustomed to running the library as they saw fit in the absence of their previous boss, and that the public was likewise reacting to merely being told that they too had to abide by library policy, such as not taping flyers and artwork to the library walls or abiding by the prohibition against the library's conference spaces being used for *for-profit* purposes.
23. The Defendant was unwilling to *meaningfully* entertain the Plaintiff's *reasonable* explanation that many of the complaints made against her were really just retribution for her doing her job.
24. The Defendant was also unwilling to confront the fact that many of the complaints were unfounded and contained obvious prejudicial verbiage against people from foreign countries and/or against Muslims or that the majority of the complaints were all made by a very few of the Plaintiff's subordinate employees and their family members.
25. Some of the very same complainants made their complaints to the Town in fashions more closely relating "gang stalking" than complaining, for instance, with at least on complainant showing up at the home of a Library Board member, unannounced, and one complainant writing to the First Selectman to tell him that "he knows what will happen" if he doesn't get rid of the Plaintiff.
26. Instead, despite the prejudiced, nationalistic and ethnocentric tones of these complainants and the reasonable explanation given for them by the Plaintiff, the Defendant fired the Plaintiff.
27. At the time she was fired, the Plaintiff was approximately five and-a-half months pregnant, a fact known to the Defendant and held against her by the Defendant Town.
28. On July 18, 2019 the Town terminated the Plaintiff.
29. The Plaintiff was not fired because she performed her work poorly.
30. The Plaintiff was not fired because she was incompetent.
31. The Plaintiff was fired because her Bosnian heritage, Muslim faith and the fact that she

was pregnant made her unpopular with a small group of people whose support members of the Town executive and Library Board of Trustees valued more than the truth and more than a well-run library and whose whims were observed and weighed more heavily in the Town's decision to fire the Plaintiff's than was the Plaintiff's right to live and work free of prejudice and mistreatment.

## COUNT 1
## DISCRIMINATORY EMPLOYMENT PRACTICES
### Conn. Gen. Stat. § 46a-60
### (Race/Ethnicity Discrimination)

32. Plaintiff incorporates by reference Paragraphs 1 through 31 as if fully set forth herein.
33. By the aforesaid actions, Defendant has violated the above referenced statute(s) by discriminating against the Plaintiff for belonging to a certain race or ethnic class.
34. Plaintiff was damaged as a proximate result of Defendant's intentional conduct.

## COUNT 2
## DISCRIMINATORY EMPLOYMENT PRACTICES
### Conn. Gen. Stat. § 46a-60
### (Hostile Working Environment - Race/Ethnicity Discrimination)

35. Plaintiff incorporates by reference Paragraphs 1 through 31 as if fully set forth herein.
36. By the aforesaid actions, Defendant has violated the above referenced statute(s) by discriminating against the Plaintiff for belonging to a certain race or ethnic class.
37. Plaintiff was damaged as a proximate result of Defendant's intentional conduct.

## COUNT 3
## DISCRIMINATORY EMPLOYMENT PRACTICES
### Conn. Gen. Stat. § 46a-60
### (Religious Creed Discrimination)

38. Plaintiff incorporates by reference Paragraphs 1 through 31 as if fully set forth herein.
39. By the aforesaid actions, Defendant has violated the above referenced statute(s) by discriminating against the Plaintiff for belonging to a certain religious creed.
40. Plaintiff was damaged as a proximate result of Defendant's intentional conduct.

## COUNT 4

### DISCRIMINATORY EMPLOYMENT PRACTICES

### Conn. Gen. Stat. § 46a-60

### (Hostile Working Environment Religious Creed)

41. Plaintiff incorporates by reference Paragraphs 1 through 31 as if fully set forth herein.
42. By the aforesaid actions, Defendant has violated the above referenced statute(s) by discriminating against the Plaintiff for belonging to a certain religious creed.
43. Plaintiff was damaged as a proximate result of Defendant's intentional conduct.

## COUNT 5

### DEPRIVATION OF RIGHTS

### Conn. Gen. Stat. § 46a-51, et seq.

### (Race/Ethnicity Discrimination)

44. Plaintiff incorporates by reference Paragraphs 1 through 31 as if fully set forth herein.
45. By the aforesaid actions, Defendant has violated the above referenced statute(s) by discriminating against the Plaintiff for belonging to a race or ethnic class.
46. Plaintiff's rights were deprived as a proximate result of Defendant's intentional conduct.

## COUNT 6

### DEPRIVATION OF RIGHTS

### Conn. Gen. Stat. § 46a-51 et seq.

### (Hostile Working Environment – Race Ethnicity Discrimination)

47. Plaintiff incorporates by reference Paragraphs 1 through 31 as if fully set forth herein.
48. By the aforesaid actions, Defendant has violated the above referenced statute(s) by discriminating against the Plaintiff for belonging to a race or ethnic class.
49. Plaintiff's rights were deprived as a proximate result of Defendant's intentional conduct.

## COUNT 7

### DEPRIVATION OF RIGHTS

### Conn. Gen. Stat. § 46a-51 et seq.

### (Religious Creed Discrimination)

50. Plaintiff incorporates by reference Paragraphs 1 through 31 as if fully set forth herein.
51. By the aforesaid actions, Defendant has violated the above referenced statute(s) by

discriminating against the Plaintiff for belonging to a certain religious creed.

52. Plaintiff's rights were deprived as a proximate result of Defendant's intentional conduct.

## COUNT 8
## DEPRIVATION OF RIGHTS
### Conn. Gen. Stat. § 46a-51, et seq.
### (Hostile Working Environment – Religious Creed)

53. Plaintiff incorporates by reference Paragraphs 1 through 31 as if fully set forth herein.
54. By the aforesaid actions, Defendant has violated the above referenced statute(s) by discriminating against the Plaintiff for belonging to a certain religious creed.
55. Plaintiff's rights were deprived as a proximate result of Defendant's intentional conduct.

## COUNT 9
## DEPRIVATION OF RIGHTS
### Conn. Gen. Stat. § 46a-51 et seq.
### (Discrimination against pregnant person)

56. Plaintiff incorporates by reference Paragraphs 1 through 31 as if fully set forth herein.
57. By the aforesaid actions, Defendant has violated the above referenced statute(s) by discriminating against the Plaintiff because she became pregnant.
58. Plaintiff's rights were deprived as a proximate result of Defendant's intentional conduct.

## COUNT 10
## DEPRIVATION OF RIGHTS
### Conn. Gen. Stat. § 46a-51, et seq.
(Hostile Working Environment – Discrimination against pregnant person)

59. Plaintiff incorporates by reference Paragraphs 1 through 31 as if fully set forth herein.
60. By the aforesaid actions, Defendant has violated the above referenced statute(s) by discriminating against the Plaintiff because she became pregnant.
61. Plaintiff's rights were deprived as a proximate result of Defendant's intentional conduct.

**WHEREFORE**, the Plaintiff claims:

1. Money damages, including compensatory damages and punitive damages;
2. Attorney's fees;
3. Costs of suit;
4. Any other relief the Court deems fair, reasonable, legal and equitable

This action is within the jurisdiction of the Superior Court and the type of damages prayed for are within the jurisdiction of the Superior Court to grant pursuant to:
Conn Gen. Stat. §46a-100, et seq., Conn Gen. Stat. §46a-60, et seq., Title VII of the Civil Rights Act of 1964, as amended, 42. U.S.C. 2000e and the Civil Rights Act of 1991, the Americans With Disabilities Act, 42 U.S.C 12101 et seq., Connecticut's Fair Employment Practices Act ("CEFPA" Conn Gen. Stat. §46a-51, et seq.specifically regarding Plaintiff's claims of discrimination related to her pregnancy) and Conn Gen. Stat. §46a-58, et seq., and the Defendant(s) is/are liable to the Plaintiff thereby.

Plaintiff,
By its attorney
Law Office of Joseph R. Sastre, LLC

Joseph R. Sastre, Esq.
Law Office of Joseph R. Sastre, LLC
67 Chestnut St.
Bristol, CT 06010
T. (203) 530-8367
F. (860) 261-5786

| | | |
|---|---|---|
| RETURN DATE: June 4, 2019 | : | SUPERIOR COURT |
| SELMA DAUTEFENDIC | : | JD OF MIDDLESEX |
| V. | : | AT MIDDLETOWN |
| TOWN OF OLD SAYBROOK | : | APRIL 29, 2019 |

## STATEMENT OF AMOUNT IN DEMAND

The amount, legal interest or property in demand is greater than $15,000.00 exclusive of interest, fees and costs.

Plaintiff,
By its attorney
Law Office of Joseph R. Sastre, LLC

Joseph R. Sastre, Esq.
Law Office of Joseph R. Sastre, LLC
67 Chestnut St.
Bristol, CT 06010
T. (203) 530-8367
F. (860) 261-5786